UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
BRUCE BZURA,

                                              Plaintiff,        Civil Action No. 16-cv-9476

            -against-                              Oral Argument Requested

ROBERT MOSS and WENDY MOSS,        Motion Day: February 6, 2017

                                          Defendants.
-----------------------------------------------------------------X


### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)


                                        MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
                                        990 Stewart Avenue, Suite 300
                                        P.O. Box 9194
                                        Garden City, New York 11530-9194
                                        (516) 741-6565
                                        *Attorneys for Defendants*

## **TABLE OF CONTENTS**

**Page**

Table of Authorities ........................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

RELEVANT FACTS ..........................................................................................................1

ARGUMENT .......................................................................................................................3

    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO
    FED. R. CIV. P. 12(b)(2) BECAUSE THE COURT LACKS PERSONAL
    JURISDICTION OVER DEFENDANTS ...............................................................3

CONCLUSION....................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arpaio v. Dupre*,
   527 F. App'x 108 (3d Cir. 2013) .................................................................................................6

*Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*,
   687 F.3d 163 (3d Cir. 2012)........................................................................................................3

*Corigliano v. Classic Motor, Inc.*,
   611 F. App'x 77 (3d Cir. 2015) ...................................................................................................6

*Fatouros v. Lambrakis*,
   627 F. App'x 84 (3d Cir. 2015) ...................................................................................................6

*Gen. Elec. Co. v. Deutz AG*,
   270 F.3d 144 (3d Cir. 2001)........................................................................................................5

*IMO Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998)........................................................................................................5

*Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros.*,
   983 F.2d 551 (3d Cir. 1993)........................................................................................................5

*New Earthshell Corp. v. Lycos Internet Ltd.*,
   No. 14-CV-7665, 2015 WL 4716155 (D.N.J. Aug. 7, 2015) ......................................................5

*Remick v. Manfredy*,
   238 F.3d 248 (3d Cir. 2001)........................................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(2)..................................................................................................................1, 3

## PRELIMINARY STATEMENT

Defendants Robert Moss ("Robert") and Wendy Moss ("Wendy") (together, the "Mosses") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by Plaintiff Bruce Bzura ("Plaintiff") for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

As shown below, there is no personal jurisdiction over the Mosses. The Mosses are life-long New York residents who lack contacts with the State of New Jersey necessary to confer personal jurisdiction over them with respect to this alleged matter. Moreover, Plaintiff's Complaint itself relies upon allegations of events that allegedly occurred in New York. Aside from apparently being the state of Plaintiff's residence, New Jersey has absolutely no connection to this alleged dispute. This action must therefore be dismissed.

## RELEVANT FACTS

According to the Complaint,[1] Plaintiff's claims revolve around two alleged contracts. First, Plaintiff alleges he entered into a contract with the non-party Pierre Hotel in New York pursuant to which Plaintiff was obligated to pay the Pierre Hotel $195,963.96 to host the reception for the wedding of his daughter, Amy, to the Mosses' son, Bradley. (Complaint ¶ 28.) Plaintiff speciously alleges the Mosses interfered with that contract when, "after the aborted rehearsal dinner" the evening before the wedding at the Blue Water Grill in New York, Robert "completely on his own accord and against the bride and groom's wishes, called off the wedding entirely." (Complaint ¶¶ 10, 12.) According to Plaintiff, at Robert's "behest" and "on her own,"

---

[1] The term "Complaint" refers to the Complaint Plaintiff filed against the Mosses in the Superior Court of the State of New Jersey, Monmouth County, Law Division, on or about December 5, 2016. A true and correct copy of the Complaint is annexed to the Declaration of Michael J. Antongiovanni, dated December 21, 2016, as Exhibit "A."

Wendy "began texting and calling" guests and "telling them not to come to the wedding" the next day. (Complaint ¶¶ 10, 12.)

Second, Plaintiff alleges he entered into a purported "contract" with Robert pursuant to which Robert was obligated to pay Plaintiff $89,919 "for 79 guests of his and his ex-wife's, which [Robert] had personally invited to the wedding." (Complaint ¶¶ 17-22, 24-26.) Plaintiff alleges Robert breached that purported contract when he "did not pay Plaintiff back the monies agreed upon." (Complaint ¶ 25.)

The fact that Plaintiff happens to reside in New Jersey (Complaint ¶ 1) is not a sufficient basis for personal jurisdiction over the Mosses. The Mosses are life-long residents of New York. Both Robert, who Plaintiff acknowledges is a resident of New York (Complaint ¶ 2), and Wendy have lived in New York their whole lives (Robert Decl. ¶ 4; Wendy Decl. ¶ 4.)[2] Neither of them has ever lived in New Jersey, and neither of them has any intention of doing so. (Robert Decl. ¶ 5; Wendy Decl. ¶ 5.) Nor does either of them work in New Jersey for that matter. (Robert Decl. ¶ 5; Wendy Decl. ¶ 5.) Neither Robert nor Wendy ever once entered the State of New Jersey to discuss anything related to the cost of, or payment for, the wedding reception. (Robert Decl. ¶ 7; Wendy Decl. ¶ 7.) And neither Robert nor Wendy entered the State of New Jersey at any point between the time of the rehearsal dinner at the Blue Water Grill in New York on October 28, 2016 and the time of the wedding scheduled at the Pierre Hotel in New York for October 29, 2016. (Robert Decl. ¶ 8; Wendy Decl. ¶ 8.) As a result, Plaintiff's alleged contract with Robert would not have been negotiated or consummated in New Jersey—as opposed to New York—and it would not have been performed or allegedly "breached" in any state but New York, where the

---

[2] The term "Robert Decl." refers to the Declaration of Robert Moss, dated December 21, 2016. The term "Wendy Decl." refers to the Declaration of Wendy Moss, dated December 21, 2016.

2

Mosses reside. Moreover, the purported "interference" with Plaintiff's contract with the Pierre Hotel that Plaintiff alleges in his Complaint could only have occurred in New York.

Plaintiff nevertheless brought suit against the Mosses in New Jersey state court, alleging causes of action sounding in "breach of contract" and "tortious interference with contract/prospective economic advantage." (Complaint ¶¶ 23-30.) The Mosses removed Plaintiff's New Jersey state court action to the U.S. District Court for the District of New Jersey on the basis of diversity of citizenship. The Mosses now move to dismiss Plaintiff's action on the grounds that the Court lacks personal jurisdiction over the Mosses in light of the absence of any meaningful contacts by the Mosses with the State of New Jersey.

## ARGUMENT

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(2) BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

Under New Jersey's analog to a long-arm statute, R. 4:4-4, a federal district in New Jersey may assert personal jurisdiction over an out-of-state defendant to the extent permitted by the Due Process Clause of the Fourteenth Amendment, which requires that an out-of-state defendant have "'certain minimum contacts'" with the State of New Jersey such that the maintenance of suit in New Jersey "'does not offend traditional notions of fair play and substantial justice.'" *Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012). The plaintiff—not the defendant—bears the burden of demonstrating the court may properly exercise personal jurisdiction over the defendant. *See*, *e.g.*, *id.*

Here, as noted above, there is simply no meaningful connection between the Mosses and the State of New Jersey upon which the Court can exercise personal jurisdiction over the Mosses.

3

Robert and Wendy have resided in New York their whole lives and it is their place of domicile. (Robert Decl. ¶ 4; Wendy Decl. ¶ 4.) Neither Robert nor Wendy has ever lived in New Jersey, and neither has any intention of doing so. (Robert Decl. ¶ 5; Wendy Decl. ¶ 5.) Nor do they work in New Jersey. (Robert Decl. ¶ 5; Wendy Decl. ¶ 5.)

Plaintiff alleges Robert breached a purported contract pursuant to which Robert was obligated to pay Plaintiff $89,919 for seventy-nine guests Robert allegedly invited to the reception at the Pierre Hotel in New York City for the wedding between Robert's son, Bradley, and Plaintiff's daughter, Amy. (Complaint ¶¶ 17-22, 24-26.) But Robert never once entered the State of New Jersey to discuss with Plaintiff, or any other person, the cost of, or payment for, the New York reception. (Robert Decl. ¶ 7.) Thus, the alleged contract could not have been negotiated or consummated in New Jersey. Moreover, the alleged performance of the alleged contract, and any alleged failure to perform and make payment to Plaintiff thereunder for the New York reception, would likewise have occurred in New York, where Robert resides – not New Jersey.

Plaintiff also alleges the Mosses tortiously interfered with the contract between Plaintiff and the Pierre Hotel. As noted above, the Pierre Hotel is located in New York and, therefore, any performance or breach of that contract by Plaintiff or the Pierre Hotel would have occurred in New York. Plaintiff alleges that, in the evening following the rehearsal dinner at the Blue Water Grill, the Mosses purportedly interfered with the contract because they allegedly informed guests not to attend the wedding. (Complaint ¶¶ 10, 12, 28-30.) But neither Robert nor Wendy entered the State of New Jersey at any point subsequent to the rehearsal dinner at the Blue Water Grill (Robert Decl. ¶ 8; Wendy Decl. ¶ 8), which, like the Pierre Hotel, is located in New York. Thus,

4

any purported "interference" Plaintiff speciously alleges would likewise have occurred in New York, where the Mosses were located the night of the rehearsal dinner.

For these reasons, it cannot be said that Robert's "contacts with the forum were instrumental in either the formation of the [alleged contract with Plaintiff] or its breach." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001); *see also*, *e.g.*, *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001) ("In determining jurisdiction over a breach of contract claim, [the court] must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing."). Nor, for these reasons, can it be said that the Mosses "expressly aimed" their alleged tortious conduct "at the forum such that the forum can be said to be the focal point of the tortious activity." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998); *see also*, *e.g.*, *New Earthshell Corp. v. Lycos Internet Ltd.*, No. 14-CV-7665, 2015 WL 4716155, at *4 (D.N.J. Aug. 7, 2015) (holding district court lacked personal jurisdiction over defendant in action for tortious interference with contract because "the transactions giving rise to this dispute occurred outside of New Jersey," and, as a result, "New Jersey was not the focus of the dispute.").

The only connection this dispute has to the State of New Jersey is Plaintiff, who just happens to be a resident of New Jersey (Complaint ¶ 1). But although "[p]hysical presence within the forum is not required to establish personal jurisdiction over a nonresident defendant," *IMO*, 155 F.3d at 259, the mere fact that Plaintiff resides in New Jersey is a woefully insufficient basis upon which to establish the Court's personal jurisdiction over the Mosses, *see*, *e.g.*, *Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros.*, 983 F.2d 551, 557 (3d Cir. 1993) ("Contracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant . . . ."); *New Earthshell*, 2015 WL 4716155, at *3 ("It is not enough to

5

simply assert that the defendant knew that the plaintiff's principal place of business was located in the forum.") (internal quotation marks omitted).

The Mosses had no contacts with the State of New Jersey relating to, or forming the basis of, Plaintiff's claims. *See*, *e.g.*, *Arpaio v. Dupre*, 527 F. App'x 108, 112 (3d Cir. 2013) ("a court exercises specific [*i.e.*, long arm] jurisdiction when the defendant has limited contacts with the forum state but the suit against him arises out of or relates to those contacts.") (internal quotation marks omitted). Nor is it the case that the Mosses "purposely directed" their alleged activities "into the forum state," *Fatouros v. Lambrakis*, 627 F. App'x 84, 87 (3d Cir. 2015), or that the Mosses "could reasonably anticipate being haled into the state's courts," *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77, 79 (3d Cir. 2015).

In sum, because the Mosses have had no meaningful contacts with the State of New Jersey, the Court has no personal jurisdiction over the Mosses. And because the Court has no personal jurisdiction over the Mosses, Plaintiff's Complaint should be dismissed in its entirety.

## CONCLUSION

For the reasons set forth above, the Mosses request that their motion to dismiss be in all respects granted. The Mosses have no contacts with the forum state that would warrant the Court exercising personal jurisdiction over them with respect to Plaintiff's claims.

Dated:  Garden City, New York
        December 27, 2016

                                        MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

                                        By:  *s/ Michael J. Antongiovanni*
                                             Michael J. Antongiovanni, Esq.
                                        990 Stewart Avenue, Suite 300
                                        P.O. Box 9194
                                        Garden City, New York 11530-9194
                                        (516) 741-6565
                                        *Attorneys for Defendants*

6